**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert S. Placencia and Theresa Placencia,<br><br>Plaintiffs,<br><br>vs.<br><br>I-Flow Corporation, et al.,<br><br>Defendants. | No. CV10-2520-PHX-DGC<br><br>**AMENDED ORDER** |

Defendants DJO, LLC and DJO Incorporated (collectively "DJO Defendants") move to dismiss Plaintiffs' claims against them under Rule 12(b). Doc. 20. Plaintiffs oppose (Doc. 36), and the motion has been fully briefed (Docs. 20, 36, 38). For the reasons that follow, the Court will grant the motion in part and deny it in part.[1]

**I.   Background.**

The relevant facts alleged by Plaintiffs are as follows. Plaintiff Gilbert Placencia suffered injury from two pain pumps used during two shoulder surgeries. Doc. 1 ¶ 10. The pain pumps are alleged to be defective in both function and labeling. *Id.* at ¶ 13. One of the pumps was designed, manufactured, and marketed by Defendant I-Flow Corporation. *Id.* at ¶ 2. The surgeon who used the I-Flow pump followed the instructions provided by I-Flow and DJO, LLC. *Id.* at ¶ 11. I-Flow and DJO, LLC did

---

[1] DJO Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

not warn either Plaintiff or his surgeon about the risks of certain uses of the pump, and, had such warning been given, the surgeon would not have used the pump. *Id.* at ¶ 11. DJO, LLC is alleged to have conspired with I-Flow to promote the pain pump for orthopedic use. *Id.* at ¶ 20-21. DJO Incorporated is the parent of DJO, LLC and holds itself out as if the two entities are one company. *Id.* at ¶ 6.

Plaintiffs' complaint asserts four claims for relief: (1) strict product liability against all defendants on account of defective pain pumps; (2) negligence against all defendants in manufacturing, promoting, and failing to warn of defective pain pumps; (3) civil conspiracy between I-Flow and the DJO Defendants to promote I-Flow pain pumps for orthopedic use; and (4) loss of consortium. *Id.* at 4-10.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Discussion.**

    **A.   Claim 1 – Strict Liability.**

DJO Defendants argue that Plaintiffs' strict liability claims against them should be dismissed because Plaintiffs do not allege DJO Defendants manufactured, distributed, or sold the pain pumps that caused harm, and in fact concede that other parties did so. Doc. 20 at 4. Plaintiffs acknowledge that I-Flow is the party against whom strict liability and negligence claims were directly pled, but assert that DJO Defendants are jointly liable with I-Flow as a civil co-conspirator.[2] Doc. 36 at 2:2-5. Plaintiffs' argument fails, however, because the complaint does not allege a conspiracy in the first cause of action. The conspiracy alleged in the third cause of action was to promote pain pumps for orthopedic uses despite a lack of FDA approval, a claim that differs from strict liability. Doc. 1 at 9. Accordingly, the first claim is dismissed without prejudice as to DJO Defendants.

    **B.   Claim 2 – Negligence.**

DJO Defendants argue that they did not owe Plaintiffs a duty to warn (Doc. 20 at 6) and that Plaintiffs will not be able to show causation (*id.* at 7). Plaintiffs argue that DJO Defendants acted as promoters of I-Flow pain pumps despite knowing that the FDA had not approved the pumps for orthopedic use. Doc. 36 at 5-9. Plaintiffs further argue that DJO Defendants are liable under an "aiding and abetting" standard for I-Flow's conduct. *Id.* at 9-10.

The complaint alleges that instructions for using the pumps were provided by DJO Defendants, among others. Doc. 1 ¶ 11 (alleging that "[t]he surgeon used the pain pumps in the manner instructed and directed by I-Flow, Breg, and DJO"). In light of this allegation, assumed true on a motion to dismiss, the Court cannot hold as a matter of law

---

[2] Although Plaintiffs' claims are pled against all defendants, including the alleged manufacturer of the second pump, only the I-Flow pump is relevant to this motion. Therefore, the Court's order mentions and applies only to the I-Flow and DJO defendants.

- 3 -

at this stage of the litigation that DJO Defendants owed no duty to Plaintiff Gilbert Placencia if he was, as alleged, a foreseeable user of the I-Flow pump (*see* Doc. 1 ¶¶ 11, 19). Accordingly, the second claim will not be dismissed.

### C. Claim 3 – Civil Conspiracy.

DJO Defendants argue that Plaintiffs' conspiracy claim is not supported by an underlying intentional tort (Doc. 20 at 8) and that the elements of a civil conspiracy are not met (*id.* at 11). Defendants argue that neither the negligence claim nor the strict liability claim suffices as a predicate tort in a civil conspiracy claim because neither cause of action is an "intentional" tort. *Id.* at 9. Defendants further assert that the complaint fails to allege sufficient facts in pleading a "meeting of the minds" for purposes of a civil conspiracy (*id.* at 11), and that the complaint fails to allege the conspiracy was the proximate cause of Plaintiffs' harm (*id.* at 12).

Plaintiffs respond that DJO Defendants acted as promoters of I-Flow pain pumps despite knowing that the FDA had not approved the pumps for orthopedic use. Doc. 36 at 5-9. Plaintiffs also assert that DJO Defendants are liable under an "aiding and abetting" theory for I-Flow's sale and distribution of the pumps for orthopedic use in contravention of federal law. *Id.* at 9-10. Plaintiffs cite to Restatement (Second) of Torts § 876(a) and (b) in support of their argument. *Id.* at 10.

Under Arizona law, "civil conspiracy" and "aiding and abetting" are separate theories of liability. *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23, 36-37 (Ariz. 2002) (discussing the two theories separately and noting that "[t]here is a qualitative difference between proving an agreement to participate in a tort, i.e., a civil conspiracy, and proving knowing action that substantially aids another to commit a tort" (citation omitted)); *accord Dawson v. Withycombe*, 163 P.3d 1034, 1053 (Ariz. App. 2007); *cf. Mein v. Cook*, 193 P.3d 790, 797 (Ariz. App. 2008). "For a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by

unlawful means, causing damages." *Wells Fargo Bank*, 38 P.3d at 36 (quoting *Baker v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 256 (Ariz. App. 2000)).  More specifically, a civil conspiracy claim "requires an underlying tort which the alleged conspirators agreed to commit."  *Baker*, 5 P.3d at 545.  Moreover, "[a] mere agreement to do a wrong imposes no liability; an agreement plus a wrongful act may result in liability."  *Wells Fargo Bank*, 38 P.3d at 36 (quoting *Baker*, 5 P.3d at 256); *accord Consol. Tungsten Mines, Inc. v. Frasier*, 348 P.2d 734, 741 (Ariz. 1960) ("A conspiracy itself furnishes no grounds whatever for a civil action.  It is the doing of the thing for which the conspiracy was formed that furnishes the basis for such civil action." (citation omitted)).

In this case, the face of the complaint pleads civil conspiracy in the third claim for relief (Doc. 1 at 9:2, 10:3), although the claim also uses "aided and abetted" language (*id.* at 9:18-19, 9:27-10:1).  Plaintiffs allege that Defendant I-Flow and DJO Defendants "entered an agreement to promote the pain pumps for orthopedic use."  *Id.* at 9.  Although this factual allegation must be assumed true on a motion to dismiss, Plaintiffs' conclusion that "promoting pumps for orthopedic use was contrary to federal law" and suffices as a predicate tort for civil conspiracy in Arizona is a legal conclusion that is not entitled to the presumption of truth.

DJO Defendants' motion cites several cases in support of dismissal for failure to plead a cognizable underlying tort.  In *Dean v. DJO, LLC*, 2010 WL 1999295 (D. Or. 2010), the district court dismissed a claim of civil conspiracy under Oregon law because the plaintiff failed to allege that "the purpose of [defendants'] agreement was to cause harm."  In an unpublished order, the district court in *Racz v. I-Flow Corp.*, No. CV 10-0133-PHX-GMS (D. Ariz. Nov. 12, 2010), dismissed a plaintiff's civil conspiracy claim without prejudice, noting in part that "[p]laintiff appears to base her conspiracy claim on an alleged 'violation of FDA regulations' rather than a tort recognized by Arizona law as a basis for a civil conspiracy claim."  No. CV 10-0133-PHX-GMS, Doc. 36 at 3.  And the district court in *In re Orthopedic Bone Screw Products Liability Litigation*, 1997 WL

186325, *10 (E.D. Pa. 1997), *aff'd*, 193 F.3d 781 (3d Cir. 1999), dismissed a claim of civil conspiracy noting that many states do not recognize a civil conspiracy where the object is merely to violate the Food, Drug, and Cosmetic Act ("FDCA"), a federal statute without a private right of action. Although the cases above are not binding on this Court, they clearly stand for the proposition that Plaintiffs' civil conspiracy claim should be dismissed if Plaintiffs fail to plead a cognizable tort underlying the conspiracy.

In response, Plaintiffs cite no law for the proposition that promoting pain pumps for orthopedic use is a tortious act sufficient for civil conspiracy in Arizona. Plaintiffs mention opinions given by different persons, including FDA employees, about whether certain "uses" of pain pumps are lawful (*see* Doc. 36 at 6-8), but cite no law with regard to either the uses in question or promotional activities in relationship to a cognizable tort under civil conspiracy. Plaintiffs also fail to allege that the promotion was accomplished by means that are unlawful.[3]

The Ninth Circuit has held that "Section 337(a) of the FDCA bars private enforcement of the statute," a holding rooted in the Supreme Court's decision in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 344 (2001). *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010). Even assuming *arguendo* that DJO Defendants' promotional acts violated the FDCA, the violation is not a tort for which a private plaintiff has a justiciable remedy. *PhotoMedex*, 601 F.3d at 924. Without an underlying statutory action or tort having been pled in Plaintiff's civil conspiracy claim, the claim must be dismissed without prejudice as to DJO Defendants.[4]

---

[3] Although Plaintiffs' response uses phrases such as "pretending the FDA had approved such use" and "conceal[ing] the true regulatory status from orthopedic surgeons," Plaintiffs' complaint does not properly allege misrepresentation or a conspiracy to defraud.

[4] The Court need not rule on whether the tort underlying the conspiracy must always be an intentional tort, and need not address whether a federal statute with a non-tort cause of action would be a sufficient unlawful act for purposes of a civil conspiracy.

**D.     Punitive Damages.**

DJO Defendants argue that punitive damages are not warranted in this case because Plaintiffs fail to plead facts showing an "evil mind" on the part of DJO Defendants. Doc. 20 at 13-14. Plaintiffs argue that this is a factual inquiry that is not cognizable on a motion to dismiss. Doc. 36 at 13. The Court agrees that this fact-based question must be resolved at summary judgment or trial, not on a motion to dismiss.

**IT IS ORDERED** that DJO Defendants' motion to dismiss (Doc. 20) is **granted in part** and **denied in part** as stated above.

Dated this 11th day of April, 2011.

_____
David G. Campbell
United States District Judge