**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert S. Placencia and Theresa Placencia, | No. CV10-2520 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| I-Flow Corporation, a Delaware corporation, et al., | |
| Defendant. | |

This is a diversity-jurisdiction product liability case brought under state law. Plaintiffs allege that Gilbert Placencia was injured by Defendants' pain pump, which was installed in his shoulder after arthroscopic surgery. The Court held a discovery conference call with the parties on May 24, 2012. Following the call, Plaintiffs' counsel provided the Court with copies of the Rule 30(b)(6) deposition notices that were addressed during the call. The Court will grant Defendants' requests for a protective order.

**A.     DOJ Investigation.**

Plaintiffs seek discovery of documents and other communications that have passed between Defendants and the Department of Justice ("DOJ") pursuant to a subpoena served by DOJ in 2010, some five years after the events at issue in this case. Plaintiffs' counsel explained during the conference call that such discovery would be relevant for this reason: "if in any responses that [Defendants] might have given to the Department of

Justice there is any information that goes to the veracity of [Defendants'] claims in defending the case, that is going to be clearly relevant in the action." Plaintiffs' counsel further stated that the discovery would provide "an opportunity to explore the credibility of [Defendants'] witnesses" by comparing their answers in deposition in this case to "any answers or responses that [Defendants] might have given to the Department of Justice." When asked to describe the nature of the DOJ investigation, Plaintiffs' counsel said "it is hard for us to say exactly what the nature and scope is because we haven't been able to get any discovery from the defendants."

In other words, Plaintiffs wish to conduct discovery into communications in a DOJ investigation they cannot clearly describe because of the mere possibility that such communications might undermine Defendants' credibility in this case in some undefined way. This is too speculative a basis for the discovery. Plaintiffs did not dispute defense counsel's assertion during the conference call that Defendants have produced more than 13,000 documents, provided more than 65 hours of company witness depositions, and responded to 1,331 written discovery requests in this and similar product liability cases over Defendants' pain pumps. The Court will not permit further expensive discovery on the mere hope that something helpful might turn up. The Court finds that "the burden [and] expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court also finds that Plaintiffs have had ample opportunity to obtain relevant information through other discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

**B.    Subsequent Stock Sales.**

The Court reaches the same conclusion on Plaintiffs' proposed inquiry into sales of stock by I-Flow executives that occurred more than one year after the pain pump at issue in this case was sold and used in Mr. Placencia's surgery. When asked why such later stock sales might be relevant, Plaintiffs' counsel stated that communications related to the sales "may very well discuss the company's conduct at an earlier period of time." Again, Plaintiffs speculate. There is no clear connection between the stock sales and the issues in this case, and the Court will not permit discovery into those sales on the mere

1  possibility that something relevant might be found.  The Court's obligation to control
2  "the extent of discovery," and to do so in a way that achieves "the just, speedy, and
3  inexpensive determination" of this case, compels the Court to conclude that speculative
4  discovery – searching marginally relevant haystacks in hopes of finding a relevant needle
5  or two – should not be permitted.  *See* Fed. R. Civ. P. 1, 26(b)(2)(C).

6  **IT IS ORDERED** that Defendants are granted protective orders with respect to
7  the depositions and related written discovery discussed during the conference call with
8  the Court on May 24, 2012.

9  Dated this 24th day of May, 2012.

David G. Campbell
United States District Judge